PAUL L. REIN, Esq., (SBN 43053)
JULIE MCLEAN, Esq., (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001

Attorneys for Plaintiff
CHRISTINA ADAMS

THOMAS N. STEWART, III (88128)
ATTORNEY AT LAW
369 Blue Oak Lane, 2nd Floor
Clayton, Ca 94517
Telephone: (925) 672-8452
Telefax:    (925) 673-1729

*E-Filed -05/12/06*

Attorneys for Plaintiff
RICK FUTIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FUTIA,<br><br>    Plaintiff,<br><br>v.<br><br>THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS, THE GRAND LODGE OF THE ENGLISH LANGUAGE JURISDICTION OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS,<br><br>    Defendants. | Case No. C 05-3547 PVT<br><br>(Related Case No.: C 05-4294 PVT)<br><br>**CONSENT DECREE** |

CONSENT DECREE; C 05-3547 PVT (Related Case C 05-04294)

1

| | |
|---|---|
| CHRISTINA ADAMS,<br><br>      Plaintiff,<br>v.<br><br>THE GRAND LODGE OF THE ENGLISH LANGUAGE JURISDICTION OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS dba THE ROSICRUCIAN EGYPTIAN MUSEUM; THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS; and DOES 1-25, Inclusive,<br><br>      Defendants. | Related Case No. C 05-4294 PVT |

## CONSENT DECREE AND ORDER

1.   Plaintiff RICK FUTIA (hereinafter "Futia") filed a Complaint on September 1, 2005, to enforce provisions of the Americans With Disabilities Act of 1990 42 U.S.C. §§ 12101 et seq. ("ADA") and California Civil Rights laws against Defendants THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS. On December 6, 2005, Futia filed a First Amended Complaint to enforce provisions of the ADA and California civil rights laws against Defendants THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS (hereinafter "SGL"), and THE GRAND LODGE OF THE ENGLISH LANGUAGE JURISDICTION OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS (hereinafter "EGL"). On December 20, 2005, Futia dismissed Defendant SGL. Futia has alleged that EGL violated Title III of the Americans With Disabilities Act of 1990 and California Civil Code §§ 51, 52, 54.1, and 55, and California Health and Safety Code §§ 19955 et seq., by failing to provide full and equal access to their

facilities at the Rosicrucian Museum, in San Jose, California, when Futia visited the subject facility on August 22, 2005.

1.  Plaintiff CHRISTINA ADAMS (hereinafter "Adams") filed a Complaint on October 24, 2005, to enforce provisions of the ADA, and California civil rights laws against Defendants EGL dba THE ROSICRUCIAN EGYPTIAN MUSEUM; SGL; and DOES 1-25, Inclusive. Adams has alleged that EGL and SGL violated Title III of the Americans With Disabilities Act of 1990 and California Civil Code §§ 51, 52, 54.1, and 55, and California Health and Safety Code §§ 19955 et seq., by failing to provide full and equal access to the facilities at the Rosicrucian Museum and Planetarium, in San Jose, California, when Adams visited the subject facility on June 5, 2005.

2.  SGL and EGL deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Futia's or Adams' Complaints filed in these actions. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION**

3.  The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for violations of California Health & Safety Code §§19955 et seq., including § 19959; Title 24, California Code of Regulations; and California Civil Code §§ 51; 52; 54; 54.1; 54.3; and 55.

4.  In order to avoid the cost, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaints filed with this Court in the Futia action on September 1, 2005 and amended

1  on December 6, 2005, and in Adams on October 24, 2005. Accordingly, they agree to
2  the entry of this Consent Decree and Order without trial or further adjudication of any
3  issues of fact or law concerning Futia's and Adams' claims for injunctive relief or
4  damages.
5      WHEREFORE, the parties to this Consent Decree and Order hereby
6  agree and stipulate to the Court's entry of this Consent Decree and Order, which
7  provides as follows:
8
9  **SETTLEMENT OF INJUNCTIVE RELIEF**
10      5.   This Order shall be a full, complete, and final disposition and settlement of
11 Futia's claims against EGL and Adams' claims against EGL and SGL for injunctive
12 relief that have arisen out of the subject Complaints. The parties agree that there has
13 been no admission or finding of liability or violation of the ADA and/or California Health
14 & Safety Code §§19955 et seq., including § 19959; Title 24, California Code of
15 Regulations; and California Civil Code §§ 51; 52; 54; 54.1; 54.3; and 55 and/or any
16 other California civil rights laws, and this Consent Decree and Order should not be
17 construed as such.
18      6.   The parties agree and stipulate that the corrective work will be performed
19 in compliance with the standards and specifications for disabled access as set forth in
20 the California Code of Regulations, Title 24-2 and Americans with Disabilities Act
21 Accessibility Guidelines, unless other standards are specifically agreed to in this
22 Consent Decree and Order:
23
24      a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the parties is
25 attached as **Exhibit A** to this Consent Decree and Order, the "Barrier Removal
26 Schedule" which is incorporated herein by reference as if fully set forth in this
27 document. EGL agrees to undertake all remedial work set forth in **Exhibit A**,

1    b) <u>Timing of Injunctive Relief</u>: EGL will submit plans for all corrective work to
2    the appropriate building department and carry out the work pursuant to the timetable
3    and priorities set out in **Exhibit A**. In the event that unforeseen difficulties prevent EGL
4    from completing any of the agreed-upon injunctive relief, counsel for EGL will notify
5    plaintiffs' counsel in writing within 30 days of discovering the delay. Counsel for EGL
6    will notify plaintiffs' counsel when the work described in Exhibit A is completed, and in
7    any case will provide a status report no later than six months from the entry of this
8    Consent Decree and Order, and supplementary status reports every six months
9    thereafter.
10
11   **DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS**
12       7.   The parties have not reached an agreement regarding Futia's or Adams'
13   claims for damages, attorneys fees, litigation expenses and costs. These issues shall
14   be the subject of further negotiation, litigation, and/or motions to the Court.
15
16   **ENTIRE CONSENT ORDER**
17       8.   This Consent Decree and Order and **Exhibit A** to this Consent Decree
18   and Order, which is incorporated herein by reference as if fully set forth in this
19   document, constitutes the entire agreement between the signing parties on the matters
20   of injunctive relief, and no other statement, promise, or agreement, either written or
21   oral, made by any of the parties or agents of any of the parties, that is not contained in
22   this written Consent Decree and Order, shall be enforceable regarding the matters of
23   injunctive relief described herein. This Consent Decree and Order applies to Futia's
24   and Adams' claims for injunctive relief only and does not resolve their claims for
25   damages, attorneys fees, litigation expenses and costs, which shall be the subject of
26   further negotiation and/or litigation.
27

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**

9. This Consent Decree shall be binding on Plaintiff CHRISTINA ADAMS, Plaintiff RICK FUTIA, EGL and SGL, and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY**

10. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the herein actions, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the herein actions, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiffs' claims for damages, attorneys fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree and Order, and exclusive of the referenced continuing claims for damages, statutory attorneys fees, litigation expenses and costs, each of the parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the herein actions.

### TERM OF THE CONSENT DECREE AND ORDER

12. This Consent Decree and Order shall be in full force and effect for a period of three years and eight months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later, and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for this period, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later.

### SEVERABILITY

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

1  **SIGNATORIES BIND PARTIES**

2  14. Signatories on the behalf of the parties represent that they are authorized
3  to bind the parties to this Consent Decree and Order. This Consent Decree and Order
4  may be signed in counterparts and a facsimile signature shall have the same force and
5  effect as an original signature.

7  Dated: May 9, 2006

   _____
   Plaintiff RICK FUTIA

10 Dated: May 9, 2006

   Christina ADAMS, signed
   Plaintiff CHRISTINA ADAMS by her attorney,
   Paul REIN with Christina's verbal
   agreement in the presence of defendants
   because of her physical inability to sign

13 Dated: May __, 2006   _____ for EGL / Burnam Srhan for SGL
   Defendants THE GRAND LODGE OF THE
   ENGLISH LANGUAGE JURISDICTION OF
   THE ANCIENT AND MYSTICAL ORDER
   ROSAE CRUCIS dba THE ROSICRUCIAN
   EGYPTIAN MUSEUM; THE SUPREME
   GRAND LODGE OF THE ANCIENT AND
   MYSTICAL ORDER ROSAE CRUCIS; and
   DOES 1-25, Inclusive

19
20 APPROVED AS TO FORM:

22 Dated: May 9, 2006

   THOMAS N. STEWART, III
   ATTORNEY AT LAW

   _____
   Attorney for Plaintiff
   RICK FUTIA

Dated: May 9, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
CHRISTINA ADAMS

Dated: May 9, 2006

SHARON KIRSCH
MCMANIS FAULKNER & MORGAN

_____
Attorneys for Defendants
THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS and THE GRAND LODGE OF THE ENGLISH LANGUAGE JURISDICTION OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: 05/12/06

/s/ Patricia V. Trumbull
_____
HON. PATRICIA V. TRUMBULL
U.S. MAGISTRATE JUDGE

CONSENT DECREE; C 05-3547 PVT (Related Case C 05-04294)

# EXHIBIT A

## Barrier Removal Schedule

Egyptian Museum and Planetarium, 1342 Naglee Avenue, San Jose, California 95191

| Project No. | Item | Description | Construction to be Completed by |
|---|---|---|---|
| 9 | Pedestrian path of travel from all accessible parking stalls to museum and planetarium. | Addition of two accessible parking stalls in off-site lot (1 van accessible and 1 regular); directional signage; concrete walks and/or ramps. | Dec. 31, 2006 |
| 5 | Access to planetarium entry level from Park Avenue. | Demolition of stairs; new ramp (1:12 max) with landing and handrails from sidewalk. | Dec. 31, 2006 |
| 7 | Women's restroom in planetarium. | Enlarge clearance of door opening to minimum of 31"; remove overhead door closer; demolish existing partitions and provide new partitions to create one accessible stall. | Dec. 31, 2006 |
| 6 | Men's restroom in planetarium. | Enlarge clearance of door opening to minimum of 31"; remove overhead door closer; demolish existing partitions and provide new partitions to create one accessible stall. | Dec. 31, 2006 |
| 8 | Access to planetarium 2nd floor from lobby | Install new platform lift from lobby level into red room; move or remove planetarium seats to provide wheelchair and companion seating. | Dec. 31, 2007 |
| 3 | Women's restroom in museum | Install new door with electric opener (or provide compliant strike edge clearances); remove second door and framing to provide 36" clearance to door opening; remove and/or relocate fixtures and partitions to create one accessible stall; modify vanity. | Dec. 31, 2007 |
| 4 | Men's restroom in museum | Install new door with electric opener (or provide compliant strike edge clearances); remove second door and framing to provide 36" clearance to door opening; remove and/or relocate fixtures and partitions to create one accessible stall; modify vanity. | Dec. 31, 2007 |
| 1 | Entry into the museum | Create path of travel to employee entry; install 2-way communication system, install camera and door buzzer to ticket counter electric opener at door, new platform chair lift; demolish existing walls and relocate electrical/alarm panel; modify upper landing and exhibition casework; install exterior directional signage. | Aug. 31, 2008 |
| 2 | Access to all museum display levels (except basement) | Install two incline stair lifts: one five stop, one four stop. Provide service to all public exhibitions and use of levels of museum except basement tomb. | Dec. 31, 2009 |

DRAFT, May 2, 2006